**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50018 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-02190-JAH |
| v. | |
| MILTON ANTONIO HERNANDEZ-SERPAZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted January 20, 2016[**]

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Milton Antonio Hernandez-Serpaz appeals from the district court's

judgment and challenges the 30-month sentence imposed following his guilty-plea

conviction for being a removed alien found in the United States, in violation of 8

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The parties agree that the district court erred by applying the preponderance of the evidence standard when determining whether Hernandez-Serpaz had a qualifying conviction under U.S.S.G. § 2L1.2(b)(1)(A)(ii).  Even assuming they are correct, we agree with the government that Hernandez-Serpaz has not demonstrated that the error affected his substantial rights.  *See United States v. Jordan*, 256 F.3d 922, 926 (9th Cir. 2001) (to be plain, error must have an effect on defendant's substantial rights).  The National Crime Information Center report, which expressly stated that it was based on fingerprint comparisons, and the criminal history report prepared by the probation officer, provided clear and convincing evidence that Hernandez-Serpaz was convicted of aggravated kidnapping and attempted armed robbery in 2005.

Hernandez-Serpaz next claims that his sentence is substantively unreasonable.  The district court did not abuse its discretion.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  The below-Guidelines sentence is substantively reasonable in light of the applicable 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Hernandez-Serpaz's criminal history.  *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

15-50018